Texas Judiciary - Court of Criminal Appeals Opinion #73,849b




IN THE COURT OF CRIMINAL APPEALS
OF TEXAS





NO. 73,849



 


ANGEL MATURINO RESENDIZ, Appellant



v.




THE STATE OF TEXAS





ON DIRECT APPEAL


FROM HARRIS COUNTY




 


 Womack, J., filed a dissenting opinion in which Johnson, J., joined.



 The appellant raised the defense that he was insane at the time he committed this
homicide. As bases for his opinion on the issue of sanity, the appellant's expert witness
used the facts of this homicide and six other homicides that the appellant committed. These
facts included photographs of the scenes of the other homicides, which the appellant
offered in evidence.

Were the Photographs Irrelevant?


 The State objected to the photographs of the six other scenes as not being relevant,
and the trial court sustained the objection. It seems to be beyond serious question that the
objection of irrelevance had no merit, since the Court treats the matter as one in which
relevant evidence was excluded under Rule of Evidence 403. (1)

Were the Photographs Inadmissible Evidence


Underlying the Opinion of an Expert Witness?



 The Court says the trial court also "conducted the balancing test for inadmissible
evidence under Rule 705(d) and determined that the photographs could have been used for
improper purposes." (2) The Court does not further discuss that rule.

 Our Rule of Evidence 703 states that an expert witness's opinion may be based on
facts or data that are not admissible in evidence if they are of a type reasonably relied on by
experts in the field in forming opinions or inferences on the subject. Further, "[t]he expert
may in any event disclose on direct examination  the underlying facts or data." (3)

 These rules are a departure from the view of the majority of common law courts that
forbade an expert witness's opinion to be based on hearsay or reports that were not in
evidence. (4) Although there was "a strong case law trend toward a contrary view," (5) it did not
include the cases of the Texas courts. "Prior to the adoption of Rule 703, Texas courts
refused to permit experts to state opinions based solely on hearsay outside the record,
regardless of its admissibility or inadmissibility. As late as 1980, this rule was reaffirmed
by the Texas Supreme Court  [and a] year later, the Court of Criminal Appeals." (6)

 Perhaps this is why Texas' Rule 705(d), unlike the federal rules, mandates a
balancing test if the underlying facts or data are inadmissible in evidence. "When the
underlying facts or data would be inadmissible in evidence, the court shall exclude the
underlying facts or data if the danger that they will be used for a purpose other than an
explanation or support for the expert's opinion outweighs their value as explanation or
support, or are unfairly beneficial." (7) Exclusion is not always required. "Usually  a
limiting instruction will suffice to negate the danger that the jury will improperly consider
the inadmissible hearsay for its substantive purpose and  Rule 705(d) requires that one be
given upon timely request." (8)

 These photographs were not hearsay or extra-record evidence on which the expert
relied. Rule 705(d) plays no part, in my view.

Was the Evidence Confusing or Misleading?


 The trial court also ruled "under Rule 403" that the evidence was "cumulative,"
would cause "needless delay," and "confusion of the issues." (9)

 The Court says, "The photographs in question were likely to distract the jury from
the facts of the crime charged and focus their attention on other crime scenes." There was
no dispute about the conduct and the result of the offense that was charged, and hence no
danger of distraction from those facts.

 The disputed fact of this homicide was the appellant's sanity at the time he committed it. The parties agreed that this homicide was one of a series of homicides that the
appellant committed. The opinion of the appellant's expert witness was that the facts of all
the homicides were relevant to the appellant's sanity in this homicide. Surely they were
relevant. The trial court received in evidence the facts of the other offenses, and there
seems to be no disagreement about their relevance. I believe the correct question is
whether photographs of the scenes of those admittedly relevant homicides would be a
distraction from the only contested issue, which was the appellant's sanity. If the Court
would consider that question, perhaps it would hold, as I do, that the photographs would not
have been a distraction from the contested issue.

Did the Evidence Lack Probative Value?


 Although grudgingly admitting that the photographs "might have been relevant to the
issue of sanity," the Court says that "merely viewing the photographs would not necessarily
tend to prove that appellant was legally insane, therefore their probative value was
limited." (10) What does this mean? "Necessarily" means "inevitably" or "as a necessary
result," and "necessary," in this usage, means "unavoidable." (11)

 "Did not necessarily tend to prove"insanity cannot mean "did not necessarily prove"
insanity; if this, or any, evidence necessarily proved an excuse like insanity, I suppose that a
court would direct an acquittal. The word "tend" must be taken into account in interpreting
the Court's meaning.

 "Necessarily tending" to prove a fact must be different from plain, old, everyday
tending to prove a fact, which is all that is required by the definition of "relevant evidence":
"evidence having any tendency to make the existence of any fact that is of consequence to
the determination of the action more probable or less probable than it would be without the
evidence." (12) Do the words "necessarily tending to prove" have the usual meaning of
"inevitably" or "unavoidably" tending to prove? If they do, how is evidence that meets that
standard distinguished from evidence that does not? The Court know that these photographs
do not, but how does it know?

 The Court says that because these photographs would not necessarily tend to prove
that appellant was insane, "therefore their probative value was limited." Now, all evidence
has limited probative value; I have not heard of any evidence that had unlimited probative
value. Is the limited value of this evidence different from the limited value of other
evidence? Or is all evidence that has limited value also evidence does that does not
necessarily tend to prove a fact? Is there any meaningful way to distinguish the limited
probative value of these photographs from the probative value of any other item of evidence? Or does a trial court have discretion to exclude every item of evidence because
every item has limited probative value?

Would the Evidence Confuse Crazy with Insane?


 The Court says, "Additionally, viewing the other crime scenes may have lead [sic] to
confusion regarding the difference between appellant being 'crazy' and the issue of legal
insanity." (13) That is, photographs of the scenes of a person's six homicides might show that
the person was crazy, but might confuse the issue of whether he was insane. How? Why?

 Now, the trial court received oral evidence about the other homicides as relevant to
the issue of insanity. Is the Court saying that that evidence also was relevant to craziness,
but not insanity? Can there be evidence of insanity that is not also evidence of craziness? If
there can be, how does the Court know that these photographs are evidence of the latter and
not the former?

 Or is it the photographic nature of the excluded evidence that makes it more relevant
to craziness than to insanity? Is that true of all photographs, or only of homicide-scene
photographs? Or is there something about these particular photographs that would turn a
juror's mind away from the issue of insanity, and into the irrelevant area of craziness?

Is a Non-constitutional Error No Error?


 The Court says:

 Finally, even if the photographs were improperly excluded, because the
witness was allowed to testify regarding the various methods used to evaluate
appellant, the exclusion did not preclude appellant from presenting his
defense of insanity. See Potier v. State, 68 S.W.3d 657, 666 (Tex. Cr. App.
2002) (stating that erroneously excluded evidence may have been relevant but
the exclusion was not prejudicial if it did not prevent appellant from presenting a defense). The trial court's alternative theory for the exclusion of the
photographs under Rule 403 was correct. (14)


 To begin with, we did not state in Potier that "erroneously excluded evidence may
have been relevant but the exclusion was not prejudicial if it did not prevent appellant from
presenting a defense." Potier was a case in which, "[t]o decide whether this error was
harmless, the Court of Appeals applied the harmless-error standard in Rule of Appellate
Procedure 44.2(b), which is for non-constitutional errors, rather than Rule 44.2(a), which
is the standard for constitutional errors. The courts of appeals have 

divided on the issue of which standard to use for similar errors. We granted review to
clarify the use of the standards." (15) We held that the error in excluding the defendant's
evidence was not of constitutional dimension. This did not make the exclusion of Potier's
evidence correct, much less the ruling in this case; nor did it make the error "not prejudicial." If the Court wants to hold that there was no error in this ruling against this appellant
because there was no constitutional dimension in it, it cannot do it in reliance on Potier or
any case of which I am aware.

They Should Have Been Admitted.


 No one suggests that the photographs of the six other homicides that the appellant
committed were misleading or unreliable in any way. There is no serious question of their
relevance to the issue of insanity; the Court and I do not disagree on that point. Why would
the State not want the jury to have this reliable, relevant evidence to decide the issue of the
appellant's insanity? I fear that the Court's opinion hints at the answer: The State did not
want the jury to see these photographs because they would have been powerful evidence
that the appellant was crazy. Proof of craziness was a necessary step in his effort to prove
that he was insane and should be confined in a mental hospital rather than given the lethal
injection that the State desired. I do not intimate any view as to his sanity, or suggest that
the facts would require or even justify a finding of insanity. I do think that his evidence was
admissible, that he should have a trial in which the jury sees it, and that the law requires that
he does.

 I would sustain the appellant's fourth point and remand this case for a new trial.


En banc.

Delivered May 21, 2003.

Publish 
1. "The trial court's alternative theory for the exclusion of the photographs under Rule 403 was
correct." Ante, at 7.
2. Ante, at 5.
3. Tex. R. Evid. 705(a).
4. "A question calling for a direct opinion based upon firsthand knowledge of an expert is so
direct, simple, and thus effective that a party may for similar reasons desire to obtain an opinion based
upon reports of others. There formerly was a majority view, however, that a question is improper if it
calls for the witness' opinion on the basis of reports that are not in evidence or are inadmissible in
evidence under the hearsay rule (without reciting their contents as hypotheses, to be supported by other
evidence as to their truth.) The essential reason in support of this view is that seemed to be that the jury
was asked to accept as evidence the witness' inference, based upon someone's hearsay or upon other
inadmissible facts which were presumably not supported by any evidence at the trial and which
therefore the jury had no basis for finding to be true. 

 [A] broader view [was taken] in Federal Rule of Evidence 703, which has been adopted in
various state jurisdictions." Edward W. Cleary, McCormick on Evidence 38-39 (3d ed. 1984).
5. Id., at 39.
6. Steven Goode, Olin Guy Wellborn, III, and M. Michael Sharlot, 2 Texas
Practice -- Guide to the Texas Rules of Evidence: Civil and Criminal § 703.3 (2d ed. 1993)
(footnotes omitted).
7. Tex. R. Evid. 705(d).
8. Goode et al., supra note 6, § 705.3.
9. Ante, at 5. "Although relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by
considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403.
10. Ante, at 6 (punctuation sic).
11. See Oxford American Dictionary 444 (1980).
12. Tex. R. Evid. 403 (emphasis added).
13. Ante, at 6.
14. Ante, at 7.
15. Potier, 68 S.W.3d at 658.